Robert Carmichael Brock, Skye Lynn Perryman, Paul W. Schmidt, Covington & Burling, LLP, New York, NY, Frederick W. Rom, Womble Carlyle Sandridge & Rice, LLC, Raleigh, NC, Russell Alexander Williams, Womble Carlyle Sandridge & Rice, LLP, Atlanta, GA, for Defendant–Appellee.

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Charles C. Rice, Jr.,[1] the appellant, has had neovascular age-related macular degeneration for over fifty years. On June 25, 2007, at age 86, on Rice's first visit with his current opthamologist, the doctor diagnosed Rice with "end-stage macular degeneration." In July and, again, August 2008, he injected Rice's right eye with Lucentis, a medication manufactured by Genentech, Inc., the appellee. In June 2009, he determined that Rice had lost all visual acuity in his right eye, attributing the loss to intraocular pressure. In August 2010, Rice, proceeding *pro se*, sued Genentech in Georgia Superior Court, claiming that Lucentis caused his loss of vision and seeking damages on theories of negligence *per se*, misrepresentation and breach of express and implied warranty.

Genentech removed the case to the District Court because the parties are of diverse citizenship and the amount in controversy exceeded the jurisdictional amount. *See* 28 U.S.C. § 1332.[2] At the conclusion of discovery, the court, in an order entered

on January 23, 2012, granted Genentech's motion for summary judgment, concluding that Rice "presented no expert opinion showing that Lucentis caused his harm," and entered judgment accordingly. Rice now appeals.

Rice argues that the summary judgment should be vacated because the District Court abused its discretion in denying his discovery motions and that the record contained expert opinion evidence showing that Lucentis caused his vision loss and that the Lucentis labeling information was inadequate. We have carefully considered Rice's arguments for reversal and conclude for the reasons the District Court gave in its January 23, 2012 order that Genentech was entitled to summary judgment.

AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kelvin Demond POWELL, Defendant–Appellant.**

Nos. 11–15302, 11–15353
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 15, 2012.

Ramona Albin, Michael B. Billingsley, John B. Felton, Joyce White Vance, U.S. Attorney's Office, Birmingham, AL, for Plaintiff–Appellee.

---

Donald L. Colee, Jr., Law Office of Donald L. Colee, Jr., Birmingham, AL, for Defendant–Appellant.

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Donald Colee, Jr., appointed counsel for Kelvin Powell in these direct criminal appeals, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merits of the appeals is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED,** and Powell's convictions and sentences are **AFFIRMED.**